**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Barker,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-18-08136-PCT-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 21.)

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government has chosen not to argue that its position was substantially justified (Doc. 22), so the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). "The most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jean*, 496 U.S. at 161 ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Plaintiff's counsel charged the statutory maximum rates, and the reasonableness of the hourly rates is not in dispute.[1]

The parties dispute whether the amount of time Plaintiff's counsel billed was reasonable. As a preliminary matter, the reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. The Ninth Circuit has emphasized that dubbing any Social Security case "routine" would be "a misnomer" because the cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence," such that two cases involving the same issues might nevertheless require different amounts of work. *Id.* at 1134 n.1. Courts generally should defer to "the winning lawyer's professional judgment," and if "the amount of time requested for a particular task is too high," the Court must explain why. *Id.* at 1136. Thus, to the extent the Commissioner argues the Court should reduce Plaintiff's requested fees because (1) the "45.5 hours expended on this case . . . is above the high end of the normal range," (2) "[a]t 1091 pages,

---

[1] Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

the record in this case was not unusually large," and (3) "the routine issues are not complex such that they might warrant a higher fee" (Doc. 22 at 2), the Court rejects those arguments as foreclosed by *Costa*.

Instead of generalizing, the Court will consider the reasonableness of the hours billed in this case by examining the timesheets and reviewing the appropriateness of the kinds of tasks that were billed and the amount of time spent on them. *Heggem v. Colvin*, 2016 WL 4194527, *2 (D. Ariz. 2016) ("[T]he Court 'combed through the record' as is required for all fee applications brought pursuant to the EAJA.").

Plaintiff billed 23.7 hours for this case in 2018 and 21.8 hours in 2019. (Doc. 21-2.) Multiplying those hours by the statutory rates and adding the two sums, the total amount of attorneys' fees sought is $9,230.57. (*Id.*) Adding $400 for costs, the grand total sought is $9,630.57. (Doc. 23 at 5.) The Commissioner contests 2.4 hours of the time billed in 2018 as clerical and 6 hours of the time billed in 2019 as excessive, such that the Commissioner believes an award of $7,521.23 is appropriate.[2] (Doc. 22 at 3-4.)

**A.     Clerical Tasks**

Time billed for clerical tasks should not be included in an EAJA award, because such tasks should be subsumed in firm overhead rather than billed. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). This is true regardless of who does the clerical work— a legal assistant, paralegal, or attorney. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (non-legal work "is not enhanced just because a lawyer does it"); *Neil v. Comm'r Soc. Sec. Admin.*, 495 Fed. App'x. 845, 847 (9th Cir. 2012) (affirming reduction of fees for "purely clerical tasks such as filing documents and preparing and serving summons" performed by an attorney); *McAnally v. Saul*, 2019 WL 6179217, *2 (D. Alaska 2019) (deducting time billed by an attorney for clerical tasks); *Brandt v. Astrue*, 2009 WL 1727472, *4 (D. Or. 2009) (same); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

---

[2]     The Commissioner does not appear to contest the $400 in costs, so the Court assumes the Commissioner actually believes an award of $7,921.23 is appropriate.

The Commissioner argues the following time entries include clerical tasks:

| | | |
|---|---|---|
| 06/11/2018 | 0.4 hours | "Preparation of initial district court documents (Compliant [sic] and Verification (Dkt. 1), Fee Agreement (Dkt. 2-1), Assignment of EAJA Fee (Dkt. 2) and Summons (Dkt. 5))." |
| 06/26/2018 | 0.2 hours | "Preparation of Civil Cover Sheet (Dkt. 1-1)." |
| 06/27/2018 | 0.25 hours | "Review of Magistrate Judge Assignment Notice (Dkt. 3) and Scheduling Order (Dkt. 4)." |
| 06/28/2018 | 0.2 hours | "Review of Summons Issued." |
| 07/02/2018 | 0.85 hours | "Preparation and mailing of service packets to Defendant (Summons Issued, Civil Cover Sheet, Magistrate Judge Assignment Notice, and Complaint)." |
| 08/06/2018 | 0.2 hours | "Review of Notice of Appearance (Dkt. 7)." |
| 10/31/2018 | 0.3 hours | "Review of Minute Order reassigning case to Judge Lanza (Dkt. 10)." |

(Doc. 22 at 3; Doc. 21-2 at 1).

The Court finds that the block-billed time entry on June 11, 2018 for "preparation of initial district court documents" includes only clerical tasks. Although preparing a complaint ordinarily involves legal work, in this case it did not. The complaint is a boilerplate 20-line document that Plaintiff's counsel has used in previous cases, such that filling in Plaintiff's name, the last four digits of his Social Security number, and his city was all that needed to be done. *Cf., e.g.*, *Confino v. Commissioner of Social Security Administration*, 4:17-cv-00603-BGM, Doc. 1 (complaint filed by Plaintiff's counsel in previous case). The other documents prepared on June 11, 2018 were also boilerplate documents in which only a few bits of information needed to be plugged in. Preparing a summons is usually a clerical task, *Neil*, 495 F. App'x at 847, and in this case, preparing the complaint and other initial documents was no different. Preparing the civil cover sheet

on June 26, 2018, reviewing the issued summons on June 28, 2018, and mailing a service packet to Defendant on July 2, 2018 were also clerical tasks.

On June 27, 2018, Plaintiff's counsel block-billed for "0.25 hours" (15 minutes) of work on two tasks: (1) reviewing the minute order assigning the case to Judge Rayes, and (2) reviewing Judge Rayes's scheduling order. It goes without saying that attorneys must review orders issued by the Court, and certainly review of substantive orders is non-clerical in nature. However, these orders fall into a somewhat gray area—they are routinely issued in every Social Security case—and the 3-page scheduling order merely sets out the briefing schedule for Social Security cases, with which Plaintiff's counsel is already familiar. Moreover, the minute order assigning the case to Judge Rayes (Doc. 3) can easily be read in one to two seconds, and the 3-page scheduling order (Doc. 4) can easily be read in one to two minutes.

Likewise, Plaintiff's counsel billed "0.2 hours" (12 minutes) for reviewing a notice of appearance (Doc. 7) and "0.3 hours" (18 minutes) for reviewing the minute order reassigning this case to the undersigned judge (Doc 10). Both of these tasks should have taken no more than two or three seconds to complete. And although an attorney is responsible for knowing the identity of his opposing counsel and the judge assigned to his case, reading those names requires no legal skill whatsoever.

Thus, the Court concludes that reviewing the minute orders assigning the case first to Judge Rayes (Doc. 3) and then to the undersigned judge (Doc. 10) and reviewing the notice of appearance (Doc. 7) are clerical tasks.

Reviewing Judge Rayes's standard scheduling order (Doc. 4)—which has been issued in many cases Plaintiff's counsel has litigated—is right on the border between clerical and legal work. It's a close call, but the Court will deem review of this order to be legal work that reasonably could have taken up to two minutes to complete. Thus, an attorney could reasonably round up and bill no more than 0.1 hours (six minutes) for this work.

In sum, of the 2.4 hours of time billed in 2018 that the Commissioner characterizes

as clerical, the Court finds that, at most, only 0.1 of those hours were appropriately billed. The Court will reduce the EAJA award by 2.3 hours for work that was clerical in nature.[3]

### B. Excessive Time Spent

"Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Jean*, 496 U.S. at 163. The Ninth Circuit has stated that courts should generally keep in mind that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain, as to both the result and the amount of the fee." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Here, however, the Court has already noted obvious padding of the bill—as discussed above, there is simply no reasonable explanation for why, for example, reviewing the minute order reassigning this case to the undersigned judge (Doc 10) could have taken "0.3 hours" (Doc. 21-2 at 1).

The Commissioner challenges the reasonableness of the amounts of time Plaintiff's counsel billed for (1) reviewing the Commissioner's response brief and (2) preparing the reply. (Doc. 22 at 3-4.)

The Court will not question the reasonableness of the time Plaintiff's counsel spent preparing the reply. Plaintiff's counsel billed 2.9 hours for preparing Part I of the reply (3 pages), 4.15 hours for preparing Part II (3.5 pages), 0.6 hours for preparing Part III (a little over a page), 3.35 hours for preparing Part IV (2.5 pages), and 0.3 hours for proofreading and formatting the reply, for a total of 11.3 hours spent on the 11-page reply. Although this strikes the Court as being on the high side, the Court will not second-guess the amount of time Plaintiff's counsel spent on briefing the winning arguments in this case.

---

[3] Plaintiff's counsel asserted that because he did not seek attorneys' fees for time spent litigating fees, this offsets any clerical time billed: "Although it is Plaintiff's right to seek compensation for preparation of [the reply in support of the motion for EAJA fees], . . . little time was expended. This waiver of further fees more than offsets any reduction due to any purely clerical tasks which even theoretically occurred in this matter." (Doc. 23 at 3.) But "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10. As this order makes plain, Plaintiff's counsel did not prevail in the fee litigation. Had Plaintiff's counsel requested fees for fees, he would not have received them, so assuming *arguendo* that an "offset" could be appropriate under the right circumstances, there can be no offset here.

However, two days before Plaintiff's counsel devoted 11.3 hours to preparing the reply, Plaintiff's counsel billed 8.75 hours (525 minutes) for reviewing the Commissioner's response brief (Doc. 17), which is about 15 pages long.[4] (Doc. 21-2 at 2.) That breaks down to a snail-like reading pace of about 35 minutes per page, or 1.25 minutes per line. Assuming that each page contains about 400 words—a high estimate—the entire response contains perhaps 6,000 words. Dividing 6,000 words by 525 minutes, Plaintiff's counsel read the response at a rate of 11 words per minute—over 18 seconds per word. This pace is extraordinarily and inexplicably slow. The average reading rate for adults is 238 words per minute. Marc Brysbaert, *How Many Words Do We Read Per Minute? A Review and Meta-Analysis of Reading Rate*, Journal of Memory and Language, Vol. 109 (Dec. 2019), *available at* https://www.sciencedirect.com/science/article/pii/S0749596X19300786. A reading rate of 156 words per minute would place a person below the 1st percentile of college freshmen. *Bartlett v. New York State Bd. of Law Examiners*, 226 F.3d 69, 76 (2d Cir. 2000).

Plaintiff's counsel offers no explanation for why it took him 8.75 hours to review the Commissioner's 15-page response. Plaintiff's counsel does address the discrepancy between the speed at which he read the response versus the much faster speed at which he read the administrative record by noting that "Plaintiff's counsel in fact represented Plaintiff before the Administration at the Administrative level," and therefore "Counsel's familiarity with this matter provides greater efficiency . . . in reviewing the record in this matter," whereas "Defendant's brief was entirely new information, not previously considered by Plaintiff's Counsel, which is why a reasonable amount of time was required to review Defendant's arguments." (Doc. 23 at 4.) This explanation might suffice if Plaintiff's counsel had read the Commissioner's brief at a normal pace and read the administrative record at a faster-than-normal pace. But it does not explain why Plaintiff's counsel read "entirely new information" at a pace bordering on illiteracy. Indeed, a law clerk in the undersigned judge's chambers—who has limited familiarity with Social

---

[4] The first and last page of the 16-page document each contain about a half-page of text.

1 Security cases generally and had no familiarity with the facts of this case—carefully reviewed the Commissioner's response brief in 15 minutes.

Although Plaintiff's counsel has offered no reasonable explanation for the sluggish pace at which he reviewed the Commissioner's response, the Court will supply a partial excuse. Perhaps Plaintiff's counsel was not merely reading while reviewing the response but was also analyzing the arguments therein, taking notes, and cross-referencing other documents as he read. To be clear, Plaintiff's counsel did not assert this was true, and if it were true, Plaintiff's counsel should have provided a more thorough description of his activities. Nevertheless, even assuming that Plaintiff's counsel's review of the response entailed more than mere reading, the Court finds that one hour is the high end of what could be reasonably billed for this activity.

Thus, the Court will reduce the award sought to reflect that the amount of time billed for substantive legal work (non-clerical) was excessive by 7.75 hours. Although the Commissioner only asked for an excessiveness reduction of 6 hours, the Court has a duty to thoroughly review the record and determine what is reasonable. The Court determines that a greater reduction is necessary.

Plaintiff's counsel billed 23.7 hours on this case in 2018, which the Court will reduce by 2.3 hours for work that was clerical in nature, such that the award will be based on 21.4 hours in 2018. Plaintiff's counsel billed 21.8 hours in 2019, which the Court will reduce by 7.75 hours for excessiveness, such that the award will be based on 14.05 hours in 2019. Multiplying those hours by the statutory rates (21.4 x $201.60 = $4,314.24; 14.05 x $204.25 = $2,869.71) and adding the two sums, the total amount of attorneys' fees awarded is $7,183.95. Adding $400 for costs, the grand total is $7,583.95.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for EAJA attorneys' fees (Doc. 21) is granted in part and denied in part, and Plaintiff is awarded $7,583.95 in attorneys' fees and costs.

**IT IS FURTHER ORDERED** that if the government determines that Plaintiff does

not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 18th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge